Brinkerhoff, J.
The provisions of the act of February *26, 1840, “ to provide for the collection of claims against steamboats and other water-crafts,” etc., conferring jurisdiction under that act on justices of the peace, “when the amount claimed shall not exceed one hundred dollars,” and of the subsequent act of May 3, 1852, “ to provide for the organization of cities and incorporated villages,” giving to mayors of cities of the second class “all the jurisdiction and powers of a justice of the peace, in all matters, civil or criminal, arising under the laws of this state, to all intents and purposes whatever,” are too plain and explicit to admit of question or argument. And the exception taken by the plaintiff in er *347 ror to the jurisdiction of the court must, therefore, be overruled, unless the provisions above quoted from the. latter act, ar.e void by reason of repugnancy to the constitution of the state.
The following are the only provisions of the constitution which-seem to have a bearing on this question:
Art. IY. — Sec. 1. “ The judicial power, of the. state shall be-vested in a Supreme Court, in district courts, courts of common pleas, courts of probate, justices of the peace, and in such other courts, inferior to the Supreme Court, in one or more counties, as. the general assembly may, from time to time, .establish.”
Sec. 9. “A competent number of justices of the peace shall be-elected, by the electors, in each township in the several counties. Their term of office shall be three years, and their powers and duties shall be -regulated by law. . .
Seo. 10. “All judges, other than those provided for in this constitution, shall be elected by the electors of the judicial district for which they may be created, but not for a longer term of office than five years.”
Seo. 15. “ The general assembly may . . . establish other courts, whenever two-thirds of the members elected to each house shall concur therein,” etc.
It is very clear that the mayor of a city is not one of the functionaries expressly enumerated in section 1, artion 4. He is not a judge-either of the Supreme Court, district court, common pleas, or probate court; nor is he a justice of' the peace, for he is not elected for the term of office prescribed by the constitution for ^justices of the peace. He could not lawfully, therefore, be commissioned as a justice of the peace, and, under the authority of such commission merely, exercise the functions and jurisdiction of a justice of the peace. And to this effect only is the case of City of Rockford v. Maynard, 14 111. 419, and 16 Id. 484, Beesman v. City of Peoria, cited by counsel for plaintiff in error. We find no difficulty, however, in holding that mayors of cities are within the number of such “other courts, inferior to the Supreme Court, in one or more-counties, as the general assembly may from time to time establish.” They are courts established by the general assembly, by virtue of the fifty-first section of the act “to provide for the organization of cities,” etc, before referred to, which enacts that “ the corporate-authority of cities, organized or to be organized under this act, shall be vested in one principal officer, to be styled the mayor,”' *348 -etc., taken in connection with the sixty-second section of the same •act, and above quoted, conferring on mayors “ all the jurisdiction .and powers of a justice of the peace,” etc. These acts of legislation do not designate mayors of cities as “courts,” nor specifically ■declare them to be “ established” as such, but they create the office, provide for the election of the officer, and confer on him judicial powers and functions; and if the act be passed in conformity with the provisions of the constitution authorizing the establishment of “ other courts,” it is enough.
But the language of the constitution is, “such other courts, inferior to the Supreme Court, in one or more counties,” etc.; and it •seems to be contended that “such other courts as the general assembly may from time to time establish,” must, in order to conform to,the constitution, have a jurisdiction co-extensive with at least a -county. The language of the constitution requires no such construction. The city of Toledo is “ in one or more counties.” The jurisdiction of the Superior Court of Cincinnati extends only over that pai't of Hamilton county embraced within the limits of the ■city of Cincinnati; and this court has recognized the jurisdiction .and constitutionality of that court, from the time of its organization until now, in the repeated affirmance of its judgments when ■under review before it on error.
*It is true, however, as contended by counsel for plaintiff in error, that in order to the validity of those portions of the act refered to, which establish and confer judicial powers on the mayors of cities, the act must have been passed by the concurring vote of two-thirds of all the members elected to each house of the general .assembly. This, however, in the absence of all showing in the reeod to the contrary, we will presume to have been done; and the .record is silent on the subject. It is not to be presumed that the .presiding officers of the two houses of the legislature would sign and •promulgate an act as duly passed into a law, unless it had received the vote which the constitution requires. Miller & Gibson v. The State, 3 Ohio St. 475.
The objection taken by the plaintiff in error on the ground of •multifariousness in the title of the act, is disposed of in Pim v. Nicholson, 6 Ohio St. 176.

Judgment affirmed.

Bartley, O. J., and Swan, Scott, and Sutliff, JJ., concurred. •